JOSEPH & KIRSCHENBAUM LLP
D. Maimon Kirschenbaum
Josef Nussbaum
32 Broadway, Suite 601
New York, New York 10004
Tel: (212) 688-5640
Fax: (212) 981-9587

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YVETTE SETHY, individually and on behalf of all others similarly situated,<br><br>           Plaintiff,<br>     v.<br><br>VICTORIA'S SECRET STORES, LLC,<br><br>           Defendant. | No.:<br><br>CLASS ACTION COMPLAINT |

Yvette Sethy ("Plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to herself, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. This lawsuit seeks to recover untimely wage compensation for Plaintiff and similarly situated retail store employees who work or have worked as manual workers for Victoria's Secret Stores, LLC, ("Defendant") in New York State (collectively, "Manual Workers").

2. Victoria's Secret Stores, LLC owned and operated Victoria's Secret retail clothing stores that that sells lingerie and underwear to retail customers throughout the nation, including New York State.

3. Upon information and belief, Victoria's Secret operates more than forty retail locations in New York State and employs over 300 people in the State, a majority of whom are Manual Workers.

4. At all relevant times, Defendant compensated Plaintiff and all other Manual Workers on a bi-weekly basis.

5. Despite being Manual Workers, Defendant failed to properly pay Plaintiff and other Manual Workers their wages within seven calendar days after the end of the week in which these wages were earned.

6. In this regard, Defendant failed to provide timely wages to, and have taken unlawful deductions from the wages of, Plaintiff and all other similar Manual Workers.

**7.** Plaintiff brings this action on behalf of herself and all other similar Manual Workers in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the New York Labor Law ("NYLL"), Article 6, §§ 191, 198.

## THE PARTIES

**Plaintiff**

8. Yvette Sethy ("Sethy") is an adult individual who is a citizen of the State of New York.

9. Sethy was employed by Defendant as a "Sales Manager" at Victoria's Secret stores in Poughkeepsie, NY from approximately April 2015 until January 2018, when she was promoted. She has since left the company.

10. Sethy is a covered employee within the meaning of the NYLL.

**Defendant**

11.   Victoria's Secret Stores, LLC's principal executive office is currently located at 4 Limited Pkwy E, Reynoldsburg, Ohio, 43068.

12.   Victoria's Secret Stores, LLC was and is a covered employer within the meaning of the NYLL, and at all times relevant, employed Plaintiff and similar employees.

13.   Defendant Victoria's Secret Stores, LLC has maintained control, oversight, and direction over Plaintiff and similar employees, including timekeeping, payroll, and other employment practices that applied to them.

14.   Defendant applies the same employment policies, practices, and procedures to all retail employees in their operation, including policies, practices, and procedures with respect to payment of wages.

## JURISDICTION AND VENUE

15.   This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against the Defendant in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

16.   The great majority, if not all, members of the proposed class are citizens of states different from that of Defendant.

17.   There are over 500 members in the proposed Class.

18.   Defendant is subject to personal jurisdiction in New York.

19.   Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant conducts business in this District.

## NEW YORK CLASS ACTION ALLEGATIONS

20. Plaintiff brings the First Cause of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and a class of persons consisting of:

> All persons who work or have worked as retail employees who worked or Defendant in manual labor positions, including Sales Managers, Selling Associates, Lingerie Supervisors, Pink Supervisors, and Bra Fit Experts in New York State between February 14, 2017 and the date of final judgment in this matter.

21. The class Plaintiff seeks to certify is hereinafter referred to as the "Class."

22. The members of the Class are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

23. There are more than one hundred members in the Class.

24. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class ("Class Members"), and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions.

25. Plaintiff and the Class Members have all been injured in that they have been compensated in an untimely manner due to Defendant's common policies, practices, and patterns of conduct. Defendant's corporate-wide policies and practices affected everyone in the Class similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the Class.

26. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.

27. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

28. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendant. Class action treatment will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

29. Common questions of law and fact exist as to the Class that predominate over any questions only affecting Plaintiff and/or each member of the Subclasses individually and include, but are not limited to, whether Defendant compensated Plaintiff and the Class Members on a timely basis.

## PLAINTIFF'S FACTUAL ALLEGATIONS

30. Consistent with its policies and patterns or practices as described herein, Defendant harmed Plaintiff, individually, as follows:

31. Plaintiff Sethy was employed by Defendant as a Sales Manager from approximately April 2015 through until January 2018, when he was promoted.

32. Defendant owns and operate retail clothing establishments throughout New York State.

33. Defendant hire employees such as Sales Managers, Selling Associates, Lingerie Supervisors, Pink Supervisors, and Bra Fit Experts (collectively, the "Retail Employees") to perform the day-to-day operations at the retail stores.

34. For example, Retail Employees are responsible for walking around the area of the store assigned to them and ensuring that the entire area is orderly, organized and properly

stocked. This requires the Retail Employees to fold clothing that was moved by customers and to physically move clothing from different areas of the store to where they belong.

35. Retail Employees' responsibilities include: processing merchandise to be floor ready and maintaining the back room and under stock to brand standards, replenishing merchandise to brand standards to ensure products are placed on the sales floor and available for purchase, stocking shelves, folding and hanging clothing, moving sales items around the stores, fixing store displays, bringing items to and from the stores' stock rooms, fitting customers, and assisting customers on the floor with all types of requests.

36. Retail Employees are often assigned for large blocks of time (2-4 hours per shift) for working at the stores' cash registers. This also primarily involves physical work such as folding clothing, removing tags and electric monitors, ringing up purchases, and physically bagging customers' purchases.

37. Unless they are on a break, Retail Employees are required to be standing during their entire shift.

38. During the entirety of the time Plaintiff was employed by Defendant, she and her fellow Retail Employees spent over twenty-five percent of their shifts performing physical tasks, including but not limited to: (1) folding clothing; (2) carrying clothing to or from the stock room; (3) fixing displays; (4) stocking shelves; (5) helping customers with fittings; (6) bagging clothing; (7) removing tags; (8) maintaining the stock room; and (9) standing for long periods of time.

39. Despite regularly spending more than twenty-five percent of his shift performing these physical tasks, Plaintiff was compensated by Defendant on a bi-weekly basis.

40. Thus, for every other workweek, Defendant failed to pay Plaintiff her wages earned within seven days of the end of the workweek, as required by NYLL § 191(1)(a).

41. Every time that Defendant failed to pay Plaintiff his wages earned within seven days of the end of the workweek, Defendant deprived her of the use of money that belonged to her.  As a result, Plaintiff was unable to do those things that every person does with their money, such as paying bills or buying goods that she needed or wanted to buy.  Moreover, by retaining money that belonged to Plaintiff, Plaintiff lost the time value of money.

### FIRST CAUSE OF ACTION
### New York Labor Law – Failure to Pay Timely Wages
### (Brought on behalf of Plaintiff and the Subclasses)

42. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

43. The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendant and protect Plaintiff and the Subclass Members.

44. Defendant failed to pay Plaintiff and Subclass Members on a timely basis as required by NYLL § 191(1)(a) when they were employed as Retail Workers.

45. Due to Defendant's violations of the NYLL, Plaintiff and the Subclass Members are entitled to recover from Defendant the amount of their untimely paid wages as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similar persons, respectfully request that this Court grant the following relief:

A. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B. Designation of Plaintiff as representative of the NY Rule 23 Class and counsel of record as Class Counsel;

C. Liquidated damages permitted by law pursuant to the NYLL;

D. Prejudgment and post-judgment interest;

E. Reasonable attorneys' fees and costs of the action; and

F. Such other relief as this Court shall deem just and proper.

Dated: New York, New York
April 25, 2023

Respectfully submitted,
JOSEPH & KIRSCHENBAUM LLP

By: _/s/ *D. Maimon Kirschenbaum*____
D. Maimon Kirschenbaum
Josef Nussbaum
32 Broadway, Suite 601
New York, NY 10004
Tel: (212) 688-5640
Fax: (212) 981-9587