UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YVETTE SETHY, and DARLENE GONZALEZ, *individually and on behalf of all others similarly situated*,

                      Plaintiffs,

                      v.

VICTORIA'S SECRET STORES,

                      Defendant.

23-CV-3452 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

      The above-captioned action brings claims under New York Labor Law ("NYLL"), Article 6, §§ 191, 198, on behalf of a putative class of manual workers who were employed by Defendant Victoria's Secret Stores, LLC. *See* Compl. ¶ 7. Now pending before the Court is Defendant's motion to dismiss, which, among other things, argues that NYLL does not provide a private right of action for violations of § 191. *See* Dkt. 15. Defendant further requests that the Court stay this action pending a ruling by the Second Department of the New York Appellate Division in *Grant v. Aircraft Delivery Dispatch, Inc.*, App. Div. No. 21-03202 (2d Dep't), a case which considers whether a plaintiff has a private right of action for a frequency of pay violations, as here, under NYLL §§ 191(1)(a)(1) or 198(1-a).

      In deciding whether to grant a stay, courts in this Circuit consider "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *United States v. Shapiro*, 2021 U.S. Dist. LEXIS 220176, at *2 (E.D.N.Y. Nov.

15, 2021).  The Court concludes that Plaintiffs here would not be prejudiced by a brief stay pending the New York court's determination in *Grant*, and that the countervailing interests of Defendant, the courts, and the public weigh heavily in favor of granting the stay.  Significantly, because a federal district court's task in analyzing open issues of state law, as here, is to determine how the New York Court of Appeals would interpret the state law issue presented, *see Reddington v. Staten Island Univ. Hosp.*, 511 F.3d 126, 133 (2d Cir. 2007), the Second Department's ruling in *Grant* on an issue of New York law may provide useful guidance in evaluating the merits of the motion to dismiss in this action.  Moreover, were the New York Court of Appeals to take up the issue following a decision by the intermediate court in *Grant*, its interpretation of the NYLL would constitute a binding interpretation of state law.

   Accordingly, this action is hereby stayed pending the Second Department's ruling in *Grant v. Aircraft Delivery Dispatch*, App. Div. No. 21-03202.  No later than two weeks following a disposition in *Grant*, the parties shall submit a joint status letter to the Court.

SO ORDERED.

 Dated:  July 19, 2023
      New York, New York

                       Hon. Ronnie Abrams
                       United States District Judge